IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN KUSLITS and                                                    OPINION and ORDER
DENNIS HESS,
                                                                              15-cv-809-bbc
            Plaintiffs,

      v.

PAULA STOUDT, CAPTAIN SCHACHT,
CAPTAIN LUNDMARK and REED RICHARDSON,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs John Kuslits and Dennis Hess, prisoners at Stanley Correctional Institution, filed this pro se civil action against defendants Paula Stoudt, Captain Schacht, Captain Lundmark and Reed Richardson, alleging violations of their rights under the First Amendment. Specifically, plaintiffs allege that defendants issued them warnings that they were violating prison rules by circulating a group statement related to the conduct of a fellow inmate. In addition, plaintiff Hess alleges that defendant Stoudt violated his First Amendment rights by transferring Hess to a different unit as punishment for complaining about Stoudt's alleged misconduct.

Each plaintiff has paid the $400.00 filing fee and their complaint is ready for screening pursuant to 28 U.S.C. § 1915A. After reviewing the complaint, I conclude that plaintiffs' allegations related to the warnings they received for circulating their group statement fail to state a claim upon which relief can be granted. Courts have consistently

1

held that prison officials may restrict prisoners' ability to engage in the type of group action at issue here. As for plaintiff Hess's retaliation claim, I conclude that he has failed to satisfy Fed. R. Civ. P. 8's pleading requirements and will give him an opportunity to file an amended complaint containing additional facts to support his retaliation claim.

Plaintiffs' complaint contains the following allegations, which for screening purposes, I must accept as true and read in the light most favorable to them. Perez v. Fenoglio, 792 F.3d 768, 774 (7th Cir. 2015).

FACTUAL ALLEGATIONS

On April 2, 2015, David Morris, an inmate at Stanley Correctional Institution, threw some clean wash rags onto the floor of the prison cafeteria. When plaintiff Dennis Hess confronted Morris about the incident, an argument arose and Morris threatened to harm Hess and his family. Hess told prison officials about the incident, but they did not punish Morris.

Unsatisfied with the prison's response to Morris's threats, Hess wrote a statement documenting the events in the cafeteria and describing other problems prisoners were having with Morris. Hess circulated this statement to fellow inmates, including Stephen Richter and plaintiff John Kuslits, both of whom signed it as witnesses to Morris's "antics." Hess took the statement to the prison library to have it copied so that he could send a copy to his family.

Prison officials then discovered the statement and gave both Hess and Kuslits a

2

"written warning" that the statement violated Wis. Admin. Code DOC § 303.24, which prohibits inmates from engaging in group activity and soliciting fellow inmates to join in any group petition or statement.  Plaintiffs Kuslits and Hess met with defendants Stoudt and Schacht regarding the statement. During this meeting, Stoudt and Shacht explained to plaintiffs that the statement violated DOC § 303.24.  Kuslits defended the statement on the ground that it was "an affidavit" regarding Morris's conduct.

On May 2, 2015, Hess wrote to defendant Lundmark and explained what happened with Morris and that he had been warned that the statement violated DOC § 303.24.  (It is not clear how, if at all, Lundmark responded to Hess's letter).  Hess also filed an inmate complaint related to the incident and asked that the warning be removed from his prison records.  Hess's complaint request was rejected on the ground that "[w]ritten warnings are not part of the formally-defined disciplinary system" and therefore "not subject to review." The complaint rejection letter stated that "a written warning is only documentation of a rule having been explained to [an] inmate."

In retaliation for Hess's complaints about defendant Stoudt's "constant misuse" of her power as unit manager, Stoudt had Hess transferred to a different unit in the prison. (It is not clear whether this transfer is related to the warning Hess received or the inmate complaint Hess filed).

OPINION

I understand plaintiffs to be raising two claims under the First Amendment. First,

3

plaintiffs allege that their First Amendment rights were violated when defendants Stoudt and Schacht issued them a warning that circulating and signing Hess's statement violated DOC § 303.24. Second, plaintiff Hess alleges that defendant Stoudt violated Hess's First Amendment rights by transferring him to a different unit in retaliation for Hess's complaints about Stoudt's alleged misconduct. I will address each of these claims in turn.

A. Plaintiffs' Written Warnings

Plaintiffs' allegations related to their receipt of written warnings for circulating and signing Hess's group statement fail to state a claim upon which relief can be granted. To state a claim under the First Amendment, plaintiffs must plead and prove that the restriction on their speech was not "reasonably related to legitimate penological interests." Lindell v. Frank, 377 F.3d 655, 657 (7th Cir. 2004).  On multiple occasions, courts have held that prison regulations prohibiting inmates from circulating and signing group statements and petitions are constitutional.  Felton v. Ericksen, No. 08-cv-227-slc, 2009 WL 1158685, at *8 (W.D. Wis. Apr. 28, 2009); Duamutef v. O'Keefe, 98 F.3d 22, 24-25 (2d Cir. 1996) ("Petitions necessarily involve hard-to-monitor organizational activities that might well result in concerted conduct that undermines order in the prison."); Nickens v. White, 461 F. Supp. 1158, 1159 (E.D. Mo. 1978) ("Prison officials have a legitimate need to avoid the dangers inherent in prisoners taking group action to redress grievances."), aff'd, 622 F.2d 967 (8th Cir. 1980).  Prisons have an obvious interest in restricting unapproved group activity. Indeed, I have previously held that the specific regulation at issue—DOC § 303.24—is

4

constitutional on its face. Koutnik v. Brown, 396 F. Supp. 2d 978, 986 (W.D. Wis. 2005), aff'd, Koutnik v. Brown, 189 Fed. Appx. 546, 549 (7th Cir. 2006). To the extent that plaintiffs are challenging the prison's right to prohibit inmates from circulating group statements, their claim fails as a matter of law.

Even though some types of group statements or petitions are not punishable under DOC § 303.24, plaintiff's attempt to challenge its application to the specific group statement at issue fails. Persons in the positions of defendants are entitled to significant deference when it comes to prison administration and the enforcement of disciplinary rules. Beard v. Banks, 548 U.S. 521, 528 (2006) (plurality opinion) ("courts owe 'substantial deference to the professional judgment of prison administrators'" (quoting Overton v. Bazzetta, 539 U.S. 126, 132 (2003))); Procunier v. Martinez, 416 U.S. 396, 405 (1974) (problems related to prison administration require expertise "peculiarly within the province of the legislative and executive branches of government"); Felton, 2009 WL 1158685, at *8 ("Defendants' . . . determination that the document was a [prohibited group petition] was one of the 'difficult judgments concerning institutional operations' for which prison administrators receive deference[.]) (quoting Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S 119, 128 (1977))). It is clear from the face of Hess's group statement that it had the potential to unite a group of prisoners against a fellow inmate believed to be a problem. This type of mob mentality is exactly the type of thing DOC § 303.24 was designed to prevent. Plaintiffs cannot state a plausible claim that defendants' decision to issue them a warning regarding the scope and applicability of DOC § 303.24 was unrelated to any legitimate penological

5

interests.

### B. Plaintiff Hess's Retaliation Claim against Defendant Stoudt

Plaintiff Hess's claim related to defendant Stoudt's alleged retaliation against Hess will be dismissed for failure to comply with Fed. R. Civ. P. 8(a)'s pleading requirements. To prevail on a First Amendment retaliation claim, Hess must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in defendant's decision to take the retaliatory action. Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008).

In this instance, Hess's allegations related to defendant Stoudt's retaliation are limited to a single paragraph in plaintiffs' complaint. All Hess alleges is that he "complained about Stoudt's constant misuse of her unit manager power" and that, as a result, Stoudt had Hess transferred to a new unit. This single allegation fails to provide Stoudt notice of plaintiff's claim adequate to satisfy Rule 8. In particular, Hess fails to provide any detail regarding the nature of his complaints, including when they were made, to whom they were made and what conduct was described therein. Hess also fails to provide the factual basis for his belief that his complaints against Stoudt were a motivating factor in her decision to transfer Hess to a different unit.

If Hess wishes to pursue this claim against Stoudt, he should file an amended complaint that contains the missing information described above, as well as any additional

6

information he has to support his retaliation claim. Moreover, the amended complaint must contain sufficient factual detail to replace the existing complaint; Hess should not attempt to "supplement" the existing complaint with additional allegations. The court cannot effectively screen, and defendants cannot answer, complaints that are strewn across a number of different documents in the record.

ORDER

IT IS ORDERED that

1. Plaintiffs Kuslits's and Hess's claim that defendants Stoudt, Schacht, Lundmark and Richardson violated plaintiffs' First Amendment rights by warning them that their conduct violated DOC § 303.24 is DISMISSED WITH PREJUDICE for failing to state a claim upon which relief can be granted.

2. Plaintiff Kuslits is dismissed from this action and I am assessing a "strike" against him in accordance with 28 U.S.C. § 1915(g).

3. Plaintiff Hess's claim that defendant Stoudt violated his First Amendment rights by punishing him for complaining about Stoudt's alleged "misuse" of her power is DISMISSED WITHOUT PREJUDICE for failing to satisfy Fed. R. Civ. P. Rule 8's pleading requirements.

4. Plaintiff Hess will have until March 7, 2016 to file an amended complaint that contains additional detail regarding defendant Stoudt's retaliatory conduct. If Hess fails to file an amended complaint by that date, his case will be dismissed for failing to state a claim

upon which relief may be granted and the clerk's office will record a strike against him in accordance with 28 U.S.C. § 1915(g).

Entered this 22d day of February, 2016.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge