IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN KUSLITS and　　　　　　　　　　　　　　　OPINION and ORDER
DENNIS HESS,
　　　　　　　　　　　　　　　　　　　　　　　　　　15-cv-809-bbc
　　　　　Plaintiffs,

　　v.

PAULA STOUDT, CAPTAIN SCHACHT,
CAPTAIN LUNDMARK and
REED RICHARDSON,

　　　　　Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

　　　　Plaintiffs John Kuslits and Dennis Hess, prisoners at Stanley Correctional Institution, filed this pro se civil action against defendants Paula Stoudt, Captain Schacht, Captain Lundmark and Reed Richardson, alleging violations of plaintiffs' rights under the First Amendment. Plaintiffs contended that defendants violated their First Amendment rights by issuing them written warnings that their group statement about the conduct of a fellow inmate violated prison rules. In addition, plaintiff Hess contended that defendant Stoudt violated plaintiff's First Amendment rights by transferring Hess to a different unit as punishment for complaining about Stoudt's misconduct. In a screening order entered on February 22, 2016, I dismissed plaintiffs' claim related to the circulation of their group statement and Hess's First Amendment retaliation claim; plaintiffs' claim related to the group statement for failure to state a claim; and Hess's claim related to defendant Stoudt's

1

alleged retaliation without prejudice for failing to satisfy the pleading requirements set forth in Fed. R. Civ. P. 8(a), but I gave plaintiff Hess until March 7, 2016 to file an amended complaint against defendant Stoudt.

Plaintiffs have now filed two documents that require the court's attention. First, plaintiffs Kuslits and Hess have each asked that I reconsider my decision to dismiss their claim about the written warnings they received for circulating their group statement. I am denying this request because plaintiffs have not shown that it was error to dismiss the claim. Second, Hess has filed a proposed amended complaint in an attempt to correct the pleading deficiencies that resulted in the previous dismissal of his First Amendment claim. After screening plaintiff's complaint pursuant to 28 U.S.C. § 1915A, I conclude that plaintiff Hess has failed again to allege facts sufficient to state a claim that defendant Stoudt punished him in retaliation for engaging in protected speech. Accordingly, plaintiffs' complaint will be denied in all respects.

OPINION

A. Motion for Reconsideration

Both plaintiffs request that I reconsider my decision to dismiss their claim that their First Amendment rights were violated when defendants issued them a warning for circulating and signing a group statement that documented various problems they were having with a fellow inmate. To prevail on a motion for reconsideration, plaintiffs must "clearly establish a manifest error of law or fact or present newly discovered evidence." LB Credit Corp. v.

Resolution Trust Corp., 49 F.3d 1236, 1267 (7th Cir. 1995). Plaintiffs fail to meet this standard.

Plaintiffs argue that I erred in dismissing their claim about the warning they received because this warning was "an arbitrary and disproportionate sanction" in violation of their Eighth Amendment rights. They also argue that the warning violated their First Amendment rights because it was issued without a legitimate penological purpose. Plaintiffs are wrong on both counts.

Plaintiffs' punishment was not "arbitrary." They admit that they circulated and signed a group statement setting forth various problems that they had with a fellow inmate. This conduct clearly violates Wis. Admin. Code § DOC 303.24(2), which provides that an inmate "is guilty of group resistance and petitions [if he] joins in or solicits another to join in any group petition or statement." Plaintiffs argue that their punishment was arbitrary because another inmate that signed the statement did not receive a warning, but prison officials are not required to administer the same discipline to all prisoners involved in an incident; they have discretion to determine who should be punished and how they should be punished. Taliaferro v. Hepp, No. 12-cv-921-bbc, 2013 WL 936609, at *6 (W.D. Wis. Mar. 11, 2013) (discussing administrators' discretion to punish some prisoners, but not others, in the context of a class-of-one equal protection claim).

Moreover, plaintiffs' punishment was not "disproportionate" in relation to their misconduct. In fact, it is questionable whether plaintiffs were "punished" at all. Plaintiffs merely received a written warning. According to the prison, such a warning is nothing more

3

than "documentation of a rule having been explained to the inmate."

As for the prison's legitimate penological interest, courts have consistently upheld prison regulations limiting group action by prisoners. In <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 132 (1977), the Supreme Court held that prisoners' associational rights "may be curtailed whenever the institution's officials . . . reasonably conclude that such associations . . . pose the likelihood of disruption to prison order or stability[.]" Defendants were justified in their concern that because plaintiffs' group statement which pit a number of prisoners against a fellow inmate, it might lead to the type of conflict that DOC 303.24 was designed to guard against.

Plaintiffs' contention that they were acting as "witnesses" for their fellow inmate does not save their claim. As an initial matter, it is unclear how they were serving as "witnesses." They have not identified any pending judicial or administrative proceeding in which they intended to provide testimony. Moreover, even if I were to assume there was such a proceeding, plaintiffs fail to explain why their "testimony" had to take the form of a group statement. Ultimately, plaintiffs' belief that were acting as "witnesses" does not defeat the fact that the manner in which they documented their problems with a fellow inmate violated the prison's rules regarding group resistance and petitions.

B. <u>Screening</u>

In addition to asking that I reconsider my decision to dismiss plaintiff Hess's First Amendment claim related to the group statement, Hess also sets forth additional allegations

4

in support of his claim that defendant Stoudt retaliated against him for filing grievances and complaining about Stoudt's misconduct. Having reviewed the allegations in Hess's amended complaint, I conclude that plaintiff has still not alleged sufficient facts to state a First Amendment retaliation claim.

To prevail on a First Amendment retaliation claim, plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the protected activity was "at least a motivating factor" in defendant's decision to take the retaliatory action. Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008). Plaintiff appears to set forth four alleged instances of retaliation in his proposed amended complaint. However, none of these incidents support a First Amendment retaliation claim against defendant Stoudt.

First, plaintiff alleges that he complained to defendant Stoudt that his right to be strip searched only by members of his own sex was violated when he was searched by a particular prison officer plaintiff believes is transgender. Plaintiff alleges that in retaliation for these complaints, a group of unnamed security staff members told plaintiff that if he continued to complain, he would be transferred to another institution or placed in segregation. However, plaintiff does not allege that defendant Stoudt was among the group of officers that allegedly threatened him, so these allegations fail to state a claim against Stoudt. Minix v. Canarecci, 597 F.3d 824, 833-34 (7th Cir. 2010). ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (internal quotation omitted).

5

Second, plaintiff alleges that he complained to defendant Stoudt about officers using their cell phones to take pictures of his family when they came to visit plaintiff. Stoudt allegedly responded by telling plaintiff that he "[did not] have time to investigate things for people that complain." These allegations fail to state a claim because Stoudt's refusal to investigate is not a "deprivation likely to deter First Amendment activity in the future." Woodruff, 542 F.3d at 551. Simply put, plaintiff was not deprived of anything.

Third, Hess contends that he complained to Stoudt about being threatened by the inmate who was the subject of plaintiffs' group statement and that Stoudt retaliated against Hess by writing him a warning for violating § DOC 303.24. These allegations cannot support a claim because they are inconsistent and irreconcilable with Hess's allegations that he was punished for circulating a group statement. The materials plaintiffs attached to plaintiffs' complaint confirm that Hess received a warning for signing and circulating a group petition. Phillips v. Prudential Insurance Co. of America, 714 F.3d 1017, 1019-20 (7th Cir. 2013) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence.").

Fourth, plaintiff alleges that Stoudt retaliated against him by having the prison's psychological services team move him from Unit One to Unit Four. These allegations fail to state a claim because plaintiff admits that the ultimate responsibility for deciding unit assignments is the psychological services team. Plaintiff fails to explain how Stoudt had him transferred or how he influenced the psychological services team's decision. Moreover, even if defendant Stoudt had been involved in this decision, plaintiff does not identify what

6

protected activity motivated Stoudt to have plaintiff transferred. Hess's original complaint alleged that he had complained about Stoudt's "misconduct," but his proposed amended complaint fails to identify or describe these complaints. Finally, plaintiff does not offer any facts to support an inference that being moved from one unit to another is a form of deprivation that would deter protected activity in the future.

ORDER

IT IS ORDERED that

1. Plaintiff Dennis Hess's proposed amended complaint, dkt. #5, is DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

2. The requests for reconsideration filed by plaintiffs John Kuslits, dkt. #4, and Dennis Hess, dkt. #5 are DENIED with prejudice.

3. The clerk of court is directed to enter judgment for defendants and close this case. The clerk of court should also record a strike against both Hess and Kuslits in accordance with 28 U.S.C. § 1915(g).

Entered this 29th day of March, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge